# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DAVID A. MARTIN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20CV00010 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WAL-MART ASSOCIATES, INC.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Hilary K. Johnson*, HILARY K. JOHNSON, PC, Abingdon, Virginia, for Plaintiff; *G. Bethany Ingle*, LITTLER MENDELSON, P.C., McLean, Virginia, for Defendant.

In this civil case asserting claims under the Americans with Disabilities Act (ADA), the defendant has moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted. Because I find that the plaintiff has failed to allege sufficient facts in support of his claim, I will grant the defendant's motion.

I.

The Second Amended Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

Plaintiff David A. Martin was employed by defendant Wal-Mart Associates, Inc. ("Wal-Mart") from October 4, 1994, until March 29, 2019. He was paid

approximately $124,000 per year in his role of Senior Manager of Asset Protection. Martin has diabetes and experienced at least one seizure at work as a result of that condition. He also suffered an on-the-job ankle injury on August 15, 2018. Martin alleges without specifics that his health conditions either substantially limit him or are perceived to substantially limit him in major life activities. Martin avers that he could perform the essential elements of his position with reasonable accommodation, although he fails to describe those essential functions.

On August 16, 2018, Martin advised his supervisor, Jared, of his diabetes and prior work-place seizure. Shortly thereafter, Jared asked Martin to "step down" due to his medical conditions. 2d. Am. Compl. ¶ 7, ECF No. 26. Martin was apparently on medical leave at the time due to his ankle injury. He alleges that he was medically permitted to return to work on October 8, 2018, with unspecified restrictions.

On October 2, 2018, Jared requested that Martin meet him at Wal-Mart Store #742 in Kingsport, Tennessee. Jared issued Martin a written warning, "stating that Jared had given plaintiff the chance to step down from his position [due to his medical condition] in August, following his discussion with plaintiff about plaintiff's diabetes." *Id.* at ¶ 9. Martin alleges that this "was the third time

Jared had given plaintiff the option to step down 'due to medical reasons or be coached.'" *Id.*

On October 3, 2018, Jared told Martin to meet him at a Johnson City, Tennessee, Wal-Mart store. Jared "mandated that plaintiff write and sign a plan of action." *Id.* at ¶ 10. The next day, Jared asked Martin to meet him at Wal-Mart Store # 1336 in Marion, Virginia. Martin asked whether he would be terminated, and Jared responded that Martin "had not done anything that Jared had instructed him to do regarding stepping down (due to plaintiff's medical issues)." *Id.* at ¶ 11. Martin avers that he "was subsequently released from his position." *Id.* at ¶ 12. He was unable to find another position within the company and "was ultimately terminated due to his medical issues." *Id.* at ¶ 13.

The Second Amended Complaint claims that "Wal-Mart discriminated against Martin due to his actual or perceived disability by disciplining him repeatedly because he refused to 'step down['] due to [his] medical condition." *Id.* at ¶ 15. Wal-Mart has moved to dismiss the Second Amended Complaint, arguing that any claim based on the events of August 15 or 16, 2018, is time-barred, and the remainder of the Second Amended Complaint fails to state a plausible claim for relief. The motion has been fully briefed and is ripe for decision.

II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts. *Id*. A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

The ADA protects qualified individuals with disabilities from discrimination on the basis of their disabilities. 42 U.S.C. § 12112(a); *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 278–79 (4th Cir. 2004). A qualified individual is "an individual who, with or without reasonable accommodation, can perform the

essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

> In an ADA wrongful discharge case, a plaintiff establishes a *prima facie* case if he demonstrates that (1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.

*Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).

In the context of employment discrimination claims, "a plaintiff is not required to plead facts that constitute a prima facie case" in order to survive a motion to dismiss. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002)). Nevertheless, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555). Martin's allegations must show a claim that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp.*, 550 U.S. at 555, 570.

Martin has not adequately alleged that his job performance met his employer's legitimate expectations. The only facts arguably supporting this element are that he was employed by Wal-Mart for 24 years and earned a high salary. Those facts alone do not indicate satisfactory performance at the time of his discharge.

Moreover, Martin has not adequately alleged that he could perform the requirements of his job with or without reasonable accommodations. He therefore has not plausibly alleged that he is a qualified individual with a disability, falling within the ADA's protected class. He merely recites this legal element without providing any details about the essential functions of his position, how his disabilities affected his ability to perform those essential functions, or how reasonable accommodations might have helped him to perform those functions. In his brief in opposition to the motion to dismiss, Martin notes that he has claimed he was regarded as having a disability and that for such a claim, he need not have requested accommodations. Even so, he must at a minimum allege the duties of his job and that he was capable of performing them. Because he has failed to allege these basic facts, he has not satisfied the pleading requirements set forth in *Iqbal* and *Twombly*. I will therefore grant the Motion to Dismiss.

### III.

For the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 27, is GRANTED.

Because the plaintiff has been given two failed opportunities to amend, his action will be dismissed with prejudice.

A separate judgment will be entered herewith.

-7-

ENTER: December 18, 2020

/s/ JAMES P. JONES
United States District Judge